# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company,<br><br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>Peter Forman, Lucinda Dekine Milton, Mogolina Grant, Samuel Marion Milton, Jr. and Allstate Insurance Company,<br><br>　　　　　　　Defendants. | Case No.:<br><br><br>**COMPLAINT**<br>(Declaratory Judgment Action)<br>(Non-Jury) |

The Plaintiff above-named complaining of the Defendants herein would respectfully show unto this Court:

## PARTIES AND JURISDICTION

1. State Farm Mutual Automobile Insurance Company is an insurance company organized and existing under the laws of the state of Indiana with its principal place of business in Indiana. State Farm is authorized to issue insurance policies in the state of South Carolina and does so.

2. The Defendant, Peter Forman, is upon information and belief a citizen and resident of Horry County, South Carolina.

3. The Defendants, Lucinda Dekine Milton, Samuel Marion Milton, Jr. and Mogolina Grant are upon information and belief, citizens and residents of Georgetown County, South Carolina.

4. The Defendant, Allstate Insurance Company, is upon information and belief an

insurance company organized and existing under the laws of the state of Illinois with its office and principal place of business in the state of Illinois and is authorized to issue insurance policies in the state of South Carolina and does so.

5. The Plaintiff issued the automobile liability insurance policy which is the subject matter of this action to Defendant, Peter Forman, in Horry County, South Carolina.

6. The automobile liability insurance policy issued by the Plaintiff to Peter Forman contained liability insurance coverage in the amount of $50,000 per person and $100,000 per accident in bodily injury coverage and $50,000 in property damage coverage. The Defendants Peter Forman, Lucinda Dekine Milton, and Mogolina Grant were involved in an automobile accident which occurred on March 20, 2020. Lucinda Dekine Milton filed suit against Peter Forman on August 3, 2022 in the Court of Common Pleas for Georgetown County, South Carolina, Case No.: 2022-CP-22-00655, asserting injuries and damages allegedly arising out of the March 20, 2020 automobile accident and seeking an unspecified judgment against Defendant, Peter Forman including actual and punitive damages. Therefore, based on the allegations of the Complaint, the Plaintiff has a potential exposure of $100,000 in the State Court action brought by Lucinda Dekine Milton. Allstate Insurance Company was served in the State Court action as the uninsured motorist carrier for the vehicle driven by Lucinda Dekine Milton. Upon information and belief, the policy issued by Allstate Insurance Company provides uninsured motorist coverage on four vehicles each in the amount of $25,000 per person and $50,000 per accident in bodily injury coverage and $25,000 for property damage coverage. This uninsured motorist coverage would stack. Thus, Allstate Insurance Company's potential exposure is $200,000 in the State Court action brought by Lucinda Dekine Milton.

7.     There is diversity among the parties and the amount in controversy exceeds the jurisdictional minimum; thus, this Court has jurisdiction based on 28 U.S.C. §1332.

8.     This Court has the authority under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure to adjudicate the rights and legal relations of the parties based on the allegations set forth herein.

## FACTS

9.     The Plaintiff issued an automobile liability insurance policy, Policy No.: 613 1733-D12-40C, to Peter Forman on his personal vehicle, a 2016 Cadillac Escalade. The policy issued by State Farm to the Defendant, Peter Forman, on the 2016 Cadillac Escalade contained liability limits of $50,000 per person and $100,000 per accident for bodily injury and $50,000 for property damage.  A complete certified copy of the policy is attached hereto as Exhibit A including the declaration page, policy form and all endorsements.

10.    On or about March 20, 2020, the Defendant Lucinda Dekine Milton, while driving a vehicle owned by Samuel Marion Milton, Jr. and the Defendant, Peter Forman, while driving a vehicle owned by Palmetto Fire Services, LLC, were involved in an automobile accident. Mogolina Grant was a passenger in the vehicle driven by Lucinda Dekine Milton at the time of the automobile accident on March 20, 2020.

11.    At the time of the March 20, 2020 automobile accident, Peter Forman was driving a 2013 Ford Transit Connect work truck owned by his employer Palmetto Fire Services, LLC.  The Defendant, Peter Forman, was on the job performing duties for his employer while driving the 2013 Ford Transit Connect work truck at the time of the automobile accident.  The Defendant, Peter Forman, was not driving his personal vehicle, the 2016 Cadillac Escalade, at the time of the

collision.

12.     The Defendant, Lucinda Dekine Milton, brought suit against Peter Forman by filing a Summons and Complaint on August 3, 2020 in the Court of Common for Georgetown County, Case No.: 2022-CP-22-00655, alleging that she sustained bodily injuries as a result of the March 20, 2020 automobile accident and she further alleges that she is entitled to recover actual and punitive damages against Peter Forman. Mogolina Grant, as a passenger in the vehicle driven by Lucinda Dekine Milton at the time of the automobile accident, may assert a claim for bodily injuries arising out of the automobile accident.  Samuel Marion Milton, Jr. may assert a claim for property damage to his vehicle that Lucinda Dekine Milton was driving at the time of the automobile accident.

13.     The Plaintiff is informed and believes that the vehicle driven by Peter Forman while in the course and scope of his employment and owned by his employer, Palmetto Fire Services, LLC, was uninsured at the time of the March 20, 2020 automobile accident as a result of the Defendant's, Peter Forman's, employer allowing the policy of insurance on the 2013 Ford Transit Connect work truck to lapse.

14.     The Plaintiff is informed and believes that the policy of automobile insurance it issued to Peter Forman insuring his personal vehicle, the 2016 Cadillac Escalade, does not provide any coverage to Peter Forman while driving his employer's vehicle, a 2013 Ford Transit Connect work truck, to perform his duties and responsibilities as an employee of Palmetto Fire Services, LLC.

15.     The pertinent State Farm policy provisions are as follows(see Exhibit A):

**DECLARATION PAGE – YOUR CAR**
2016 Cadillac Escalade

**6940A AMENDATORY ENDORSEMENT**

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

2.     **LIABILITY COVERAGE**

**Insuring Agreement and Supplementary Payments are replaced by the following**:

**Insuring Agreement**

*We* will pay damages an *insured* becomes legally liable to pay because of:

a.     *bodily injury* to other; and
b.     damage to property

caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

**POLICY FORM 9840A**

**EXCLUSIONS**

THERE IS NO COVERAGE FOR AN *INSURED*:

9.     WHILE MAINTING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR, A TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING.  This exclusion does not apply to the maintenance or use of a private passenger car;

*Your Car* means the vehicle shown under "YOUR CAR" on the Declarations Page.  *Your car* does not include a vehicle that *you* no longer own or lease.

**DEFINITIONS**

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads.  *Car* does not include:

      1.      Any vehicle while located for use as a dwelling or other premises; or

      2.      A truck-tractor designed to pull any type of trailer.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

      1.      replaces ***your car*** for a short time while ***your car*** is out of use due to its:

            a.    breakdown;
            b.    repair;
            c.    servicing;
            d.    damage; or
            e.    theft; and

      2.      neither ***you*** nor the ***person*** operating it own or have registered.

***Private Passenger Car*** means:

1.      a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or

2.      a pickup truck, van, minivan, or sport utility vehicle:
      a.    that is not used for;
           (1) wholesale; or
           (2) retail pickup or delivery; and
      b.    that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

### 6128DP AMENDATORY ENDORSEMENT

      1.      **DEFINITIONS**

***Newly Acquired Car*** means a ***car*** newly ***owned by you*** or a ***resident relative***.

A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

      1.      the effective date and time of a policy, including any binder,

>> issued by *us* or any other company that describes the *car* as an insured vehicle; or
>
> 2. the end of the 14th calendar day immediately following the date the car is delivered to *you* or a *resident relative*.

16. The following coverage issues have been raised:

    a. Does the automobile liability insurance policy issued by the Plaintiff to the Defendant, Peter Forman, provide liability coverage to him while driving a 2013 Ford Transit Connect work truck owned by his employer, Palmetto Fire Services, LLC, while on the job performing his work duties at the time of the March 20, 2020 automobile accident?

    b. Specifically, is the provision contained in the State Farm policy which excludes coverage when the Defendant, Peter Forman, is operating a vehicle for business apply to the facts of this case?

17. The Plaintiff is informed and believes it is entitled to a declaration by this Court as to whether or not the Plaintiff has a duty to defend and/or indemnify Peter Forman for any injuries and damages allegedly sustained by the Defendants, Lucinda Dekine Milton, Mogolina Grant or Samuel Marion Milton, Jr., in the March 20, 2020 automobile accident.

WHEREFORE, having fully set forth its Complaint, the Plaintiff prays that this Court look into the issues presented and make a determination as to whether or not there is any liability insurance coverage available under the State Farm policy issued to Peter Forman on the 2016 Cadillac Escalade for the injuries and damages allegedly sustained by Lucinda Dekine Milton, Mogolina Grant or Samuel Marion Milton, Jr., as a result of the March 20, 2020 automobile accident and more specifically, does State Farm have a duty to defend and/or indemnify Peter Forman for any bodily injury or property damage claims arising out of the March 20, 2020

automobile accident and for such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Conway, South Carolina | THOMPSON & HENRY, P.A. |
| March 2, 2023 | s/Linda Weeks Gangi |
| | Linda Weeks Gangi, Esquire |
| | PO Box 1740 |
| | Conway, SC 29528-1740 |
| | (843) 248-5741 |
| | lgangi@thompsonlaw.com |
| | Federal ID No.: 2028 |
| | Attorney for the Plaintiff |
| | |
| | s/S. Ashley Gwin |
| | S. Ashley Gwin |
| | PO Box 1740 |
| | Conway, SC 29528-1740 |
| | (843) 248-5741 |
| | agwin@thompsonlaw.com |
| | Federal ID No.: 11409 |
| | Attorney for the Plaintiff |